IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No.: RDB-18-0857 |
| RISK & REGULATORY CONSULTING, LLC, | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 23, 2018, *pro se* Plaintiff Christopher Ferguson ("Plaintiff" or "Ferguson") filed a two-count Complaint in this Court against Defendant Risk and Regulatory Consulting, LLC ("Defendant" or "RRC"), alleging state law claims for breach of implied contract (Count I) and promissory estoppel (Count II). (Compl., ECF No. 1.) Ferguson claims that after he accepted an offer for employment with the Defendant, the Defendant improperly terminated him while he was waiting to renew a particular certification. (*Id.*) Currently pending before this Court is the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] (ECF No. 9.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for

---

[1] In a footnote, the Defendant also argues that the Complaint should be dismissed for insufficient service of process. (ECF No. 9 at n. 1.) Because this Court finds that it does not have jurisdiction over the Plaintiff's claims, this Court does not reach this argument.

1

lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A Rule 12(b)(1) motion may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). Where, as here, the defendant makes a factual challenge to this Court's jurisdiction, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted); *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004). The plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The Plaintiff Ferguson filed his Complaint in this Court on March 23, 2018. While the Complaint does not explicitly identify the basis for this Court's jurisdiction over Plaintiff's claims, Ferguson indicated on the civil cover sheet that diversity jurisdiction exists between the parties under 28 U.S.C. § 1332. Section 1332 requires, with the exception of certain class actions, complete diversity among parties. 28 U.S.C. § 1332; *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). The Complaint identifies the Plaintiff Ferguson as a resident of Bel Air, Maryland, and the Defendant as a corporation and resident of Farmington, Connecticut. (ECF No. 1.) The

Defendant, however, is not a corporation; it is a limited liability company ("LLC"). (ECF No. 9-3.) For purposes of diversity jurisdiction, an LLC's citizenship is determined by the citizenship of all of its members. *Central West Virginia v. Mountain State Carbon, LLC*, 636 F.3d 101,103 (4th Cir. 2011); *see also General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) ("EXG[, LLC] has the citizenship of its members: Columbia, South America, and Virginia.").

The Defendant RRC filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction on June 12, 2018. (ECF No. 9.) The Defendant attached to its Motion to Dismiss RRC's "First Amended and Restated Limited Liability Company Agreement" (the "Agreement"). (ECF No. 9-3.) Under "Capital Contributions, Ownership, Names and Addresses of Members," the Agreement identifies multiple members of RRC including Patrick Tracy and RSM UM LLP. (*Id.*) The Defendant then asserts that Patrick Tracy and one partner in RSM US LLP are residents and citizens of Maryland. (ECF No. 9-2 at 2.) Therefore, the Defendant asserts that complete diversity does not exist among the parties.

On June 13, 2018, the Clerk of this Court issued Ferguson a Rule 12/56 Letter indicating that if he did not file a timely written response within seventeen days, this Court may dismiss his case. (ECF No. 11.) Over four months has passed, and the Plaintiff has not filed any documents with this Court challenging the Defendant's assertion that RRC is a limited liability company, the members of which include residents and citizens of Maryland. Therefore, Ferguson has not carried his burden of establishing that diversity subject matter jurisdiction exists and the Defendant's Motion to Dismiss (ECF No. 9) is GRANTED.

Accordingly, IT IS HEREBY ORDERED this 18th day of October, 2018, that:

1. Defendant's Motion to Dismiss (ECF No. 9) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE;

2. The Clerk of the Court transmit a copy of this Memorandum Order to the *pro se* Plaintiff and Counsel of record; and

3. The Clerk of this Court CLOSE THIS CASE.

_____/s/_____

Richard D. Bennett
United States District Judge